IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case Number 3:15cr4/MCR

WILLIAM M. GOODE
_____/

## FACTUAL BASIS FOR GUILTY PLEA

The defendant admits that if this case were to proceed to trial, the government could prove the following facts.

On November 5, 2014, Detective Chris Wilkinson of the Pensacola Police Department received cybertips from the National Center for Missing and Exploited Children regarding an online posted Craigslist advertisement. The posting stated as follows: *"Looking for 'Fancy' – m4w – 48 (Pensacola and surrounding). If you know what it means…you will know exactly what to write and tell me. You have someone I am seeking yes…but, what is special about that person? If you know, write me and tell me about your 'Fancy'!"*

Homeland Security Special Agent Nancy Andrews was notified, and she determined there were multiple postings under this Craigslist persona. She issued subpoenas for information related to the subject of these postings, and Craigslist provided identifying information. The information revealed it was the defendant who was the subject.

Detective Lisa Alverson of the Pensacola Police Department responded to the



Craigslist posting in an undercover capacity.[1]  On November 6, 2014, Detective Alverson responded *"Are you talkg about like to song? If so yes I have a fancy."*  The defendant replied, *"Yes like the song... if you have a 'Fancy' you should or maybe interested in telling about 'Fancy' to me more."*  From that, there ensued online communications about the undercover's twelve (12) year old "daughter" being ready for sex, and purchasing bus tickets for the undercover and her "daughter" to travel to Texas in return for sex with the defendant.  The defendant explained that he had done this previously, and he discussed how to make the young girls feel comfortable before the ultimate act.  He wrote, in one instance, *"...one of the last girls I took, got her a dress, something to eat, took her to a hotel and had her show me the dress, then undress, taught her to suck me, swallow, and then fucked her.  Not quite that quickly, I did feel her up, finger her, licked her up played with her tits and her, I made her feel good."*  The defendant's online communications with the undercover were an attempt to entice sexual activity with the undercover's purported twelve (12) year old daughter.

On November 7, 2014, Detective Alverson sent the defendant two images upon request.  One image was purportedly of her, and one image was that of the purported twelve year old daughter (both images were innocuous).  To this, the defendant responded by sending two images of himself.  Based upon the electronic evidence link to the defendant already, Homeland Security was able to match the two images sent by the defendant to his driver's license and thus confirm identity.

---

[1] Of note, the term "Fancy" derives from a Reba McEntire song wherein a mother introduces her teenage daughter to prostitution for survival on the street.

On November 10, 2014, as the communications continued, Detective Alverson informed the defendant that she would have to check out of her Pensacola hotel the next day because she was out of funds. The defendant discussed providing funds to get the "mother and daughter" to Texas via bus in exchange for sexual acts with the "daughter." The defendant drove from Okaloosa County to Pensacola, and after he arrived at the McDonalds location on Davis Highway, he was in telephonic contact with Detective Alverson to arrange the meeting at McDonalds. He then made contact with an undercover agent at the location (whose image was previously sent to the defendant as the "mother"). The defendant informed the Special Agent that he was excited to engage the minor. The defendant was then taken into custody.

The defendant was interviewed post *Miranda*. He informed law enforcement that (a) his wife was the principal of an elementary school, (b) he sometimes worked as a substitute teacher, (c) he was the person who posted the aforementioned Craigslist advertisements[2], (d) he based the postings on the Reba McEntire song, and (e) he was the one who was engaging in the aforementioned communications with Detective Alverson. Thereafter, the defendant consented to law enforcement seizing/searching the digital media located at his residence.

A forensic review of the defendant's digital media revealed a plethora of online chats/emails. This included multiple chats/emails with others who were purporting to allow the defendant to engage in sexual acts with minors. Some of the chats/emails had images of minors embedded within them. Moreover, a review of the defendant's internet

---

[2] Records from Craigslist confirm the postings were made from the defendant's email address.

3

history revealed (a) searching for directions to the aforementioned meeting location, (b) searching for Greyhound bus tickets, and (c) Craigslist searches. A further forensic review revealed several dozen images of child pornography. These images include small females (under the age of twelve). The defendant concedes he received said images via the internet on his personal digital devices during the time frame alleged in the indictment.

## Elements of the Offense

Count One

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. the Defendant knowingly persuaded, induced, enticed, or coerced the minor to engage in sexual activity, as charged; or attempted to do so through an intermediary,
2. the Defendant used a computer or other interstate facility as alleged in indictment to do so;
3. when the Defendant did these acts, the minor was less than 18 years old; and
4. one or more of the individual(s) engaging in the sexual activity could have been charged with a criminal offense under the law of Florida.

Count Two

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. the Defendant knowingly received an item or items of child pornography;
2. the item[s] of child pornography had been [transported] [shipped] [mailed] in interstate or foreign commerce [including by computer]; and
3. when the Defendant received the item[s], the Defendant believed the item[s] [was] [were] [contained] child pornography.

PAMELA C. MARSH

_Randall Lockhart_
RANDALL S. LOCKHART
Assistant Federal Public Defender
Michigan Bar No. P58597
3 W. Garden Street, Suite 200
Pensacola, Florida 32502
(850) 432-1418

_William M. Goode_
WILLIAM M. GOODE
Defendant
3\30\15
Date

United States Attorney

DAVID L. GOLDBERG
Assistant U.S. Attorney         4\1\15
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

5